IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ONYX LIFESTYLE LTD, a United Kingdom company,<br><br>     Plaintiff,<br><br>v.<br><br>FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company; ONE CONCIERGE, LLC, a Florida limited liability company; and DOES 1 to 25,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER DENYING CONSOLIDATED MOTION TO INTERVENE AND MOTION TO DISMISS<br><br><br>Case No. 2:20-CV-130 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on a consolidated Motion to Intervene and Motion to Dismiss by AU Card Limited ("AU Card"). For the following reasons, the Court will deny the Motion.

## I. BACKGROUND

Plaintiff Onyx Lifestyle Ltd. ("Onyx") is a multilevel marketing company. Onyx markets and sells its products through a network of independent distributors. In order to pay commissions to its distributors, Onyx contracted with AU Card. AU Card, in turn, contracted with Defendant One Concierge, LLC ("One Concierge") to carry out those services.

Plaintiff contends that, in reality, neither AU Card nor One Concierge perform these services, but they are instead performed by Defendant First Data Merchant Services ("First Data"). Defendants dispute this characterization of their respective roles.

The parties' dispute began around October 2019. Onyx alleges that at the time it discovered First Data was in possession of over $1 million in funds that, it claims, belong to Onyx. Defendants contest Plaintiff's assertion that these funds belong to Onyx.

Plaintiff brought this action against First Data and One Concierge on February 26, 2020.[1] Plaintiff asserted claims for conversion, interference with contract, breach of contract, constructive trust, unjust enrichment, and misappropriation of trade secrets. AU Card moves to intervene in this case under Federal Rule of Civil Procedure 24. If the Court grants the Motion to Intervene, AU Card also moves to dismiss this case on a variety of jurisdictional grounds. Additionally, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, AU Card moves to dismiss because Onyx was not joined as a necessary party.

The Court previously ordered the parties to submit supplemental briefing regarding whether the Court has personal jurisdiction over AU Card. Additionally, the Court permitted Onyx to file a surreply responding to novel arguments made in AU Card's reply.

## II.   DISCUSSION

### A.  Intervention

Under Federal Rule of Civil Procedure 24, a movant may intervene as a matter of right or through permissive intervention. There are two situations which allow a movant to intervene as a matter of right. The first is when a movant "is given an unconditional right to intervene by a federal statute,"[2] and the second is when a movant satisfies four requirements.[3]

---

[1] Plaintiff originally named One Concierge, LLC, a Utah limited liability company but later amended its complaint to name One Concierge, LLC, a Florida limited liability company. *See* Docket No. 25.

[2] FED. R. CIV. P. 24(a)(1).

[3] *See id.* at (a)(2); *see also United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009).

There is no federal statute granting AU Card the right to intervene, so it may only intervene as a matter of right if: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impair[ed] or impede[d]; and (4) the applicant's interest is [not] adequately represented by existing parties."[4] These "factors . . . are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements."[5] A would-be-intervenor, however, bears the burden of establishing each element.[6] That burden is minimal,[7] and the Tenth Circuit follows "a somewhat liberal line in allowing intervention."[8]

Here, AU Card has not met its burden of establishing each of Rule 24(a)(2)'s elements. AU Card makes no argument that its Motion is timely, that it has an interest in the property or transaction that is the subject of the action, or that its interests are not adequately represented by existing parties. Instead, AU Card focuses solely on the third element and argues that its "legal interests would be impaired if it were not permitted to intervene."[9] AU Card's allegedly impaired

---

[4] *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (internal citations and quotation marks omitted) (alterations in original).

[5] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotation marks omitted).

[6] *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009); *Bottoms v. Dresser Indus. Inc.*, 797 F.2d 869, 872 (10th Cir. 1986); *Ute Distrib. Corp. v. Norton*, 43 F. App'x 272, 2002 WL 1722061, at *7 (10th Cir. July 25, 2002) ("[Would-be-intervenor] must still demonstrate that it meets the four elements of Rule 24(a)(2)."); *Koch v. Koch Indus., Inc.*, 6 F. Supp. 2d 1185, 1188 (D. Kan. 1998) ("Failure to satisfy any one of these requirements is a sufficient ground to deny the application.").

[7] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001) (internal citations and quotation marks omitted).

[8] *Id.* at 1249 (internal citations and quotation marks omitted).

[9] Docket No. 35, at 6.

legal interest is that AU Card and Onyx are the only parties that share contractual privity of the agreement at issue. While this may be enough to satisfy the third element, it is not enough for AU Card to simply argue that contractual privity satisfies all of Rule 24(a)(2)'s requirements. For the Court to grant AU Card's Motion, it must demonstrate that its request is timely, that it claims an interest relating to the property or transaction at issue, and that its interest is not being adequately represented by First Data or One Concierge. AU Card's failure to do so is fatal to its Motion.

The Court will deny AU Card's Motion to intervene because it has failed to establish its right to intervention. Likewise, AU Card makes no arguments regarding permissive intervention. Accordingly, the Court declines to address AU Card's remaining jurisdictional arguments because they rely on the Court granting the Motion to Intervene.

B.  Joinder

AU Card argues that the Court should dismiss this case under Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure because Onyx failed to include AU Card as a necessary party.[10] AU Card is correct that Rule 12(b)(7) permits the Court to dismiss a case for failure to join a necessary party under Rule 19.[11] However, because the Court will deny AU Card's motion to intervene, AU Card is a nonparty and cannot move to dismiss under Rule 12(b)(7).[12] As noted by the Second Circuit, there is "nothing in the text or notes of Rule 19 that would indicate strangers to an action may file motions to dismiss under that rule."[13] Rule 24 is the proper

---

[10] *See id.* at 8.

[11] *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994); *Kan. City Realty Co., LLC v. Thoroughbred Assoc.*, 215 F.R.D. 628, 630 (D. Kan. 2003).

[12] *See* FED. R. CIV. P. 12(b) (stating that only a party may assert a 12(b) defense).

[13] *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382 (2d. Cir. 2006).

"mechanism by which non-parties who believe they have a valid and sufficient interest in a litigation can assert their rights."[14] Nevertheless, the Court "may consider sua sponte the absence of a required person and dismiss for failure to join."[15]

Under Rule 19, the Court must determine whether the party sought to be joined is indispensable.[16] Determining whether an absent party is indispensable requires a two-part analysis. First, the Court must determine "whether the absent party is necessary to the lawsuit . . . ."[17] If the party is necessary the Court must then determine whether joining the absent party is feasible.[18]

Whether AU Card is a necessary party under Rule 19 requires an assessment of the following three factors:

> (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations."[19]

Here, AU Card argues that these factors favor joinder because it is the only party in contractual privity with Onyx.[20] Additionally, AU Card argues that were Onyx to prevail in this suit, AU Card would not receive payment for certain services provided to Onyx.[21] Onyx does not deny that it contracted with AU Card but argues that the AU Card/Onyx agreement is not the

---

[14] *Id.*

[15] *Republic of Phil. v. Pimentel*, 553 U.S. 851, 861 (2008).

[16] *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999).

[17] *Davis*, 192 F.3d at 957.

[18] *See id.*

[19] *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

[20] *See* Docket No. 35, at 9.

[21] *See* Docket No. 54, at 3.

contract at issue.[22] Instead, Onyx asserts breach of contract claims arising from third-party beneficiary agreements between One Concierge and First Data.[23] Further, Onyx argues that AU Card has failed to explain why it would be denied payments if Onyx prevailed.[24]

AU Card's arguments fail to establish it as a necessary party under the *Rishell* factors. Although the parties do not dispute that they contracted for certain services, that contract is not at issue here. Indeed, that agreement is being litigated before the courts of the United Kingdom. Onyx's claims arise from an alleged third-party beneficiary relationship. Thus, complete relief could be granted to Onyx against the alleged third parties without implicating AU Card. Were Onyx to prevail, it is unclear why AU Card would not receive payments for services provided to Onyx. AU Card does not expound on this argument and simply explains that were Onyx to prevail it "may not be paid what it is owed for its services."[25] Onyx, however, asserts that it paid AU Card for its merchant services, and AU Card has not made any claim for payments due before its Reply to Onyx's Opposition. Without more, AU Card's conclusory and speculative statement—that it may not be paid for its services—is an insufficient basis for the Court to conclude that AU Card has an impaired interest.

### III.    CONCLUSION

It is therefore

ORDERED that AU Card's Motion to Intervene (Docket No. 35) is DENIED.

---

[22] *See* Docket No. 50, at 4.

[23] *Id.*

[24] *See* Docket No. 58, at 2.

[25] *See, e.g.,* Docket No. 54, at 6.

DATED August 4, 2020

BY THE COURT:

_____

Ted Stewart
United States District Judge