IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ONYX LIFESTYLE LTD, a United Kingdom company,<br><br>                Plaintiff,<br><br>v.<br><br>FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company; ONE CONCIERGE, LLC, a Florida limited liability company; and DOES 1 to 25,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br><br>Case No. 2:20-CV-130 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant One Concierge, LLC's ("One Concierge") Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion to Dismiss.

I.       BACKGROUND

Plaintiff Onyx Lifestyle, LTD ("Onyx") is a multi-level marketing company that provides pre-paid debit cards and other products. Onyx sells its products through a network of independent distributors who are remunerated pursuant to a compensation plan.

Onyx relies on third-party companies to payout commissions owed to its distributors. Accordingly, Onyx contracted with a company called AU Card Limited ("AU Card") to act as its merchant processor. AU Card, in turn, contracted with One Concierge to carry out those services.

Onyx contends that, in reality, neither AU Card nor One Concierge performs these services, but they are instead performed by Defendant First Data Merchant Services ("First Data"). Defendants dispute this characterization of their respective roles.

The parties' dispute began around October 2019. Onyx alleges that it discovered First Data was in possession of over $1 million in funds that allegedly belong to Onyx. These funds

1

are payments made by Onyx's distributors for Onyx's products that were directly transferred to One Concierge via credit card transaction and then processed by First Data. These funds are supposedly held in One Concierge's merchant account with First Data. Defendants contest Onyx's claim to these funds.

Onyx brings a variety of claims against One Concierge and First Data but has not included AU Card as a defendant. AU Card previously moved to intervene as a necessary party, but the Court denied that motion. One Concierge now moves to dismiss Onyx's claims for breach of contract, unjust enrichment, and conversion.

## II.      MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the *Iqbal* Court stated,

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).
[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

### III.     ANALYSIS

A. Breach of Contract

To properly state a breach of contract claim, a party must allege "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[7] Here, One Concierge argues that it has no enforceable contract with Onyx.[8] Onyx concedes that it has no direct contract with One Concierge but argues that it is a third-party beneficiary of One Concierge's contract with AU Card.[9] One Concierge disputes Onyx's third-party beneficiary status because any alleged contract was not written, and Onyx's allegations are not specific enough to establish itself as a third-party beneficiary.[10]

Utah law recognizes that a third party has enforceable rights under a contract when "the intention of the contracting parties to confer *a separate and distinct benefit* upon the third party" is clear.[11] Therefore, a party only incidentally benefitted has no right to enforce a contract.[12] Indeed, "[i]t is not enough that the parties to the contract know, expect, or even intend that others

---

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).
[7] *Am. W. Bank Members, L.C. v. Utah*, 342 P.3d 224, 230–31 (Utah 2014) (internal citations and quotation marks omitted).
[8] *See* Docket No. 53, at 7.
[9] *See* Docket No. 57, at 4–5.
[10] *See* Docket No. 61, at 3–4.
[11] *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 28 P.3d 669, 684 (Utah 2001) (internal quotation marks omitted).
[12] *Id.*

will benefit from the [contract] . . . . The contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear."[13]

One Concierge argues that Onyx's contract claim fails because Utah law requires that third-party beneficiary contracts be written.[14] One Concierge highlights language from two cases to support this proposition. First, in *Liberty Mutual Fire Ins. Co. v. Woolman*, the Tenth Circuit explained that courts should examine a written contract to determine whether it intends to directly benefit a third party.[15] Similarly, in *Lilley v. JP Morgan Chase*, Utah's Court of Appeals explained that "[t]he existence of third party beneficiary status is determined by examining a written contract."[16] These cases stand for the unremarkable proposition that a written contract should be examined to determine the existence of a third-party beneficiary. Neither case speaks to oral third-party beneficiary agreements, nor do they support One Concierge's proposition that a third-party beneficiary agreement must be in writing.

One Concierge also argues that Onyx's allegations are insufficient to establish its status as a third-party beneficiary. Specifically, it argues that Onyx's allegations lack specifics regarding the alleged oral agreement, including when it was made or what the parties' respective obligations and considerations were under the agreement.[17]

Onyx's factual allegations sufficiently support its third-party beneficiary status. Onyx alleges that AU Card "uses another company, [One Concierge], to carry out" Onyx's merchant processing services, "proceeds were transferred directly to [One Concierge], who then would

---

[13] *Id.* (internal quotation marks omitted) (alterations in original).
[14] *See* Docket No. 53, at 9.
[15] *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 986 (10th Cir. 2019).
[16] *Lilley v. JP Morgan Chase*, 317 P.3d 470, 472 (Utah Ct. App. 2013) (quotation marks omitted).
[17] *See* Docket No. 61, at 4.

4

process the funds through its merchant account with First Data. Thereafter, First Data would clear and reconcile the payments and send the payments back to [One Concierge], who would then disburse commission to Onyx's distributors in accordance with Onyx's Compensation Plan."[18] Further, One Concierge received a fee under the merchant processing arrangement.[19]

Although these allegations do not plead the specifics of the alleged third-party beneficiary agreement, the allegations support Onyx's third-party beneficiary claim. One Concierge allegedly agreed to perform merchant processing on Onyx's behalf.[20] One Concierge was required to pay distributions to Onyx and received compensation for its performance. This is sufficient at the pleading stage because Onyx's ability to plead with more specificity is limited as it was not present when the alleged agreement was formed. Moreover, Onyx is not required to plead a third-party beneficiary claim with specificity.[21] Onyx's allegations are sufficient to place One Concierge on notice.

B. Unjust Enrichment

To state an unjust enrichment claim, a party must show "(1) a benefit conferred . . .; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention [of the benefit] by the conferee . . . under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[22]

---

[18] *See* Docket No. 57, at 8 (quoting Docket No. 31 ¶¶ 16, 21).
[19] *See* Docket No. 31 ¶¶ 45–46.
[20] *See id.* ¶¶ 15–16.
[21] *See, e.g., Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context . . . . ").
[22] *U.S. Fid. v. U.S. Sports Specialty*, 270 P.3d 464, 468 (Utah 2012) (ellipses and alterations in original) (internal quotation marks and citation omitted).

Importantly, any benefit conferred must come from the Plaintiff and cannot come from a third party.[23]

The parties' dispute over Onyx's unjust enrichment claim arises because Onyx's allegations are ambiguous. Under Onyx's interpretation, it contracted with AU Card for merchant processing service, but it later discovered that AU Card did not carry out the service.[24] Instead, AU Card contracted it out to One Concierge.[25] Upon this discovery, funds were transferred directly to One Concierge, who would then process Onyx's merchant funds.[26] Under this arrangement, the disputed funds were transferred from Onyx to One Concierge and then transferred to One Concierge's merchant account with First Data.[27] One Concierge may access these funds and therefore has incurred a benefit.[28]

Under One Concierge's interpretation, Onyx never transferred proceeds directly to One Concierge.[29] Instead, funds were transferred to AU Card who transferred funds to One Concierge. Additionally, the funds are in the "possession, custody, and control" of First Data so One Concierge has retained no benefit of the disputed funds.[30] One Concierge argues that because the funds were transferred from a third party—AU Card—it cannot be liable for unjust enrichment. Also, One Concierge has incurred no benefit because First Data possesses the funds.

---

[23] *See Sec. Sys., Inc. v. Alder Holdings, LLC*, 421 F. Supp. 3d 1186, 1193 (D. Utah 2019); *MediaNews Grp., Inc. v. McCarthey*, 432 F. Supp. 2d 1213, 1239 (D. Utah 2006); *see also Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996).
[24] *See* Docket No. 57, at 10 (citing Docket No. 31 ¶ 21).
[25] Docket No. 31 ¶ 21.
[26] *Id.*
[27] *See* Docket No. 57, at 11.
[28] *Id.*
[29] *See* Docket No. 61, at 8.
[30] *See id.* at 9 (citing Docket No. 31 ¶ 26).

At the pleading stage the Court is required to assess whether Plaintiff's pleadings allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] Although Onyx's allegations are imprecise and subject to both parties' interpretations, the Court can infer the plausibility of Onyx's unjust enrichment claim because Onyx's interpretation is reasonable. Therefore, Onyx's unjust enrichment pleadings are sufficient at this stage.

C. Conversion

"Conversion is an act of willful interference with property, done without lawful justification, by which the person entitled to property is deprived of its use and possession."[32] "Although conversion results only from intentional conduct it does not however require a conscious wrongdoing, but only an intent to exercise dominion or control over the goods inconsistent with the owner's right."[33]

One Concierge argues that Onyx cannot establish that it willfully interfered with the disputed funds or deprived Onyx of their use because it fails to specifically plead the contractual provisions that entitle it to the disputed funds.[34] This argument is premised on One Concierge's interpretation of Onyx's pleadings in that Onyx paid funds to AU Card and AU Card in turn transferred the funds to One Concierge. Thus, "One Concierge's duties with respect to the Disputed Funds flow to AU Card Ltd, not Onyx."[35]  One

---

[31] *Ashcroft*, 556 U.S. at 678; *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) ("All reasonable inference must be indulged in favor of the plaintiff, and the pleadings must be liberally construed.") (internal citation omitted).
[32] *Bennett v. Huish*, 155 P.3d 917, 928 (Utah Ct. App. 2007).
[33] *Allred v. Hinkley*, 328 P.2d 726, 728 (Utah 1958).
[34] Docket No. 53, at 13.
[35] *Id.* at 14.

Concierge also argues that its possession of the funds is legally justified because of its duties and obligations under the AU Card/One Concierge agreement.[36]

One Concierge's arguments fail for two reasons. First, unlike an unjust enrichment claim, an individual may convert property obtained by a third party.[37] For example, "[a] purchaser of stolen goods or an auctioneer who sells them in good faith becomes a converter since his acts are an interference with the control of the property . . . ."[38] Thus, Onyx's conversion claim does not hinge on whether AU Card or Onyx transferred the disputed funds to One Concierge. The fact that One Concierge allegedly possesses funds that belong to Onyx is sufficient. Second, One Concierge's intent to fulfill its obligations to AU Card does not relieve it from wrongful possession. Onyx need only plead factual allegations that show One Concierge intended to exercise control over the disputed funds that are inconsistent with Onyx's right to possession. Onyx has pled that One Concierge is withholding funds that were supposed to be turned over as part of the parties' merchant processing arrangement.[39] Onyx claims a right to the disputed funds because it transferred funds to One Concierge, but the funds were never paid to Onyx and its distributors.[40] These allegations are sufficient for a conversion claim at this stage.

## IV. CONCLUSION

It is therefore

ORDERED that One Concierge's Motion to Dismiss (Docket No. 53) is DENIED

---

[36] *Id.* at 13–14.
[37] *Allred*, 328 P.2d at 728.
[38] *Id.*
[39] *See* Docket No. 31 ¶ 26.
[40] *See id.* ¶¶ 25–27.

DATED August 25, 2020

BY THE COURT:

Ted Stewart
United States District Judge