Mark F. James (5295)
Lara A. Swensen (8493)
Mitchell A. Stephens (11775)
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: 801.363.6363
Email: mjames@jdrslaw.com
           lswensen@jdrslaw.com
           mstephens@jdrslaw.com

*Attorneys for Defendant One Concierge, LLC*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ONYX LIFESTYLE LTD, A UNITED KINGDOM COMPANY,<br><br>    *Plaintiff,*<br><br>vs.<br><br>FIRST DATA MERCHANT SERVICES, LLC, A Florida Limited Liability Company; ONE CONCIERGE, LLC, A Florida Limited Liability Company; and DOES 1 TO 25,<br><br>    *Defendants.* | **ONE CONCIERGE'S ANSWER TO THE SECOND AMENDED COMPLAINT**<br>**and**<br>**CROSS-CLAIM COMPLAINT AGAINST FIRST DATA MERCHANT SERVICES**<br>**and**<br>**THIRD-PARTY COMPLAINT AGAINST BANK OF AMERICA MERCHANT SERVICES, LLC** |
| ONE CONCIERGE, LLC, a Florida Limited Liability Company,<br><br>    *Third-Party Plaintiff*<br>vs.<br><br>BANK OF AMERICA MERCHANT SERVICES, LLC,<br><br>    *Third-Party Defendant.* | Case No. 2:20-cv-00130-TS-CMR<br><br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendant One Concierge, LLC ("One Concierge") hereby answers the Second Amended Complaint ("Complaint") filed by Plaintiff Onyx Lifestyle Ltd ("Onyx"), by admitting, denying, and alleging as follows:

## INTRODUCTORY STATEMENT

Onyx's Complaint attempts to craft claims against One Concierge in an attempt to gain control over funds that are currently held by First Data, and properly belong to AU Card Ltd. Onyx's apparent desire to avoid suing AU Card Ltd may be due in part to the exclusive forum selection clause of their contract (that requires any related claims to be brought in the United Kingdom), but also because Onyx owes AU Card Ltd substantial funds under their contract. Onyx would avoid that entire dispute by making an end-run around the contract and suing parties with whom it had no agreement – One Concierge and First Data –to preclude them from transferring funds to AU Card Ltd. As laid out in the specific responses, affirmative defenses, and affirmative claims below, One Concierge rejects Onyx's version of the relationship between the parties and the alleged obligations flowing therefrom.

## THE PARTIES

1. One Concierge admits that Onyx is a United Kingdom entity; One Concierge lacks knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore denies them.

2. One Concierge admits that First Data Merchant Services, LLC ("First Data") is a Florida limited liability company; One Concierge lacks knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore denies them.

3. One Concierge admits that it is a Florida limited liability company, with its principal place of business in Lehi, Utah.

4. One Concierge denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. One Concierge admits that Onyx is asserting a claim under the federal Defense of Trade Secrets Act, but denies that subject matter jurisdiction is proper in this Court. Onyx's dispute lies with AU Card, Ltd, who is pursuing claims in the United Kingdom against Onyx pursuant to an exclusive forum selection clause in AU Card, Ltd.'s contract with Onyx.

6. One Concierge admits that venue is proper in this Court.

7. One Concierge admits that the Court has personal jurisdiction over it for purposes of these claims, but specifically denies that it has caused any injury within the State of Utah.

## GENERAL ALLEGATIONS

8. One Concierge admits to the general description of Onyx contained in the allegations of paragraph 8.

9. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations regarding "other MLM companies," or the details of Onyx's "Compensation Plan," and therefore denies the allegations of paragraph 9.

10. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 10, and therefore denies them.

11. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 11, and therefore denies them.

### First Data

12. One Concierge admits that First Data is a merchant processing company, but lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 12, and therefore denies them.

13. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 13, and therefore denies them.

14. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 14, and therefore denies them.

### Merchant Processing Services

15. One Concierge admits that Onyx entered into a contract with AU Card, Ltd. That document speaks for itself, and One Concierge denies any allegations in paragraph 15 contrary to the terms of that document.

16. One Concierge admits that it entered into an agreement with AU Card, LLC, which speaks for itself. One Concierge denies any remaining allegations of paragraph 16, including the implication that AU Card Ltd has an agreement with One Concierge.

17. One Concierge denies the allegations in paragraph 17 that purport to describe the relationships between Onyx, AU Card, Ltd, One Concierge, and First Data, including the illustration. One Concierge also denies that neither it nor AU Card, Ltd provide merchant processing services, and denies that One Concierge has a merchant account with First Data.

18. Denied. One Concierge specifically denies that it is a "sham" and that the "real contract" is between Onyx and First Data. In fact, the "real contract" concerning Onyx is the 2019 agreement between Onyx and AU Card Ltd, while the "real contract" involving One Concierge is a separate

agreement with AU Card LLC, ██████████████████████████████. One Concierge does not believe that Onyx has any contract with First Data. Moreover, One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 18 regarding First Data's knowledge, or any alleged First Data contracts with Onyx, and therefore denies them.

### The Contract for Merchant Processing Services

19. One Concierge admits that Onyx entered into a written contract with AU Card, Ltd on or about May 6, 2019. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 19 regarding Onyx's knowledge or awareness, and therefore denies them.

20. The contract between AU Card, Ltd and Onyx speaks for itself, and One Concierge denies any allegations in paragraph 20 contrary to the terms of that document. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 20 regarding Onyx's knowledge or awareness, and therefore denies them.

21. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 21 regarding Onyx's knowledge or awareness, and therefore denies them. Moreover, One Concierge denies Onyx's allegations concerning the flow of funds between Onyx, AU Card, Ltd, One Concierge, and First Data. One Concierge denies all remaining allegations in the paragraph.

### The Business Dispute

22. One Concierge denies the allegations of paragraph 22.

23. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 23 regrading Onyx's alleged discovery and the alleged amount First Data

"was holding, and still is holding," and therefore denies them. One Concierge also denies that the funds allegedly held by First Data (the "Funds") belong to Onyx. In fact, One Concierge understands that the Funds – and additional money from Onyx – are properly owed to AU Card Ltd.

24. One Concierge denies that Onyx has accurately described the flow of funds between the parties and third parties, such as AU Card Ltd.

25. One Concierge denies that Onyx has accurately described the flow of funds between the parties and third parties, such as AU Card Ltd.

26. One Concierge admits that First Data (or, more accurately, First Data through Bank of America Merchant Services) currently holds funds in One Concierge's merchant account. The remaining allegations of paragraph 26 are legal conclusions to which no response is required.

27. One Concierge denies the allegations of paragraph 27.

28. One Concierge admits that Onyx has demanded the "return" of funds from One Concierge and First Data. One Concierge denies all remaining allegations in the paragraph.

29. One Concierge lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 29 regrading Onyx's communications with First Data, and therefore denies them.

30. One Concierge admits that it has refused to pay any monies to Onyx, despite Onyx's demands. With respect to the allegations of paragraph 30 regarding First Data, One Concierge lacks knowledge or information sufficient to form a belief as to those allegations and therefore denies them.

31. One Concierge denies the allegations of paragraph 31.

## COUNT I

### CONVERSION
### (By Onyx against all Defendants)

32. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

33. One Concierge denies the allegations of paragraph 33.

34. One Concierge denies the allegations of paragraph 34.

35. One Concierge denies the allegations of paragraph 35.

36. One Concierge denies the allegations of paragraph 36.

37. One Concierge denies the allegations of paragraph 37.

38. One Concierge denies the allegations of paragraph 38.

## COUNT II

### INTERFERENCE WITH CONTRACT
### (By Onyx against One Concierge)

39. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

40. One Concierge denies the allegations of paragraph 40.

41. One Concierge denies the allegations of paragraph 41.

42. One Concierge denies the allegations of paragraph 42.

43. One Concierge denies the allegations of paragraph 43.

## COUNT III

**BREACH OF CONTRACT – THIRD PARTY BENEFICIARY**
**(By Onyx against One Concierge)**

44. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

45. One Concierge admits that it entered into a contract with AU Card, LLC, not AU Card Ltd. [*See* April 15, 2014 Master Services Agreement, attached hereto as Exhibit 1]. One Concierge denies it had an oral contract with AU Card, Ltd, and further denies that it agreed to provide merchant processing services directly for the benefit of Onyx. In fact, ███████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████ [*See id.* at ████]. Moreover, Onyx has failed to allege any specific terms or provisions of the supposed oral agreement, including any terms that might address jurisdiction or forum selection.

46. One Concierge lacks the knowledge or information sufficient to form a belief as to the allegations regarding Onyx's payments to AU Card, Ltd, and therefore denies the allegations of paragraph 46. One Concierge was compensated by AU Card LLC, not Onyx, ███████ ██████████████████████████████].

47. One Concierge denies the allegations of paragraph 47.

48. One Concierge denies the allegations of paragraph 48.

49. One Concierge denies the allegations of paragraph 49.

## COUNT IV

### BREACH OF CONTRACT – THIRD PARTY BENEFICIARY
### (By Onyx against First Data)

50. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

51. One Concierge denies that it entered into a written contract with First Data, and accordingly denies all the allegations of paragraph 51.

52. One Concierge denies that it has a contract with First Data, and therefore denies all the allegations of paragraph 52.

53. One Concierge denies that it has a contract with First Data, and therefore denies all the allegations of paragraph 53.

54. One Concierge denies that it has a contract with First Data, and therefore denies all the allegations of paragraph 54.

55. One Concierge denies the allegations of paragraph 55.

## COUNT V

### CONSTRUCTIVE TRUST
### (By Onyx against First Data)

56. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

57. One Concierge denies the allegations of paragraph 57.

58. One Concierge denies the allegations of paragraph 58.

59. One Concierge denies the allegations of paragraph 59.

60. One Concierge denies the allegations of paragraph 60.

61. One Concierge acknowledges that Onyx claims to seek the imposition of a constructive trust over the Funds, but denies any implication or conclusion that imposing such a trust would be appropriate.

## COUNT VI

### UNJUST ENRICHMENT
### (By Onyx against all Defendants)

62. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

63. One Concierge denies the allegations of paragraph 63.

64. One Concierge denies the allegations of paragraph 64.

65. One Concierge denies the allegations of paragraph 65.

## COUNT VII

### MISAPPROPRIATION OF TRADE SECRETS (Utah Code § 13-24-1 et. seq.)
### (By Onyx against One Concierge)

66. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

67. One Concierge lacks the knowledge or information sufficient to form a belief as to the allegations regarding Onyx's alleged trade secrets, and therefore denies the allegations of paragraph 67.

68. One Concierge lacks the knowledge or information sufficient to form a belief as to the allegations regarding Onyx's security and agreements with its distributors, and therefore denies the allegations of paragraph 68.

69. One Concierge denies the allegations of paragraph 69.

70. One Concierge denies the allegations of paragraph 70.

71. One Concierge denies the allegations of paragraph 71.

## COUNT VIII

**VIOLATION OF THE DEFENSE OF TRADE SECRETS ACT (18 U.S.C. § 1836(b)(3))**
**(By Onyx against One Concierge)**

72. One Concierge incorporates by reference the preceding paragraphs as if fully set forth herein.

73. One Concierge lacks the knowledge or information sufficient to form a belief as to the allegations regarding Onyx's alleged database and its alleged economic value, and therefore denies the allegations of paragraph 73.

74. One Concierge lacks the knowledge or information sufficient to form a belief as to the allegations regarding MLM companies and alleged competition with Onyx, and therefore denies the allegations of paragraph 74.

75. One Concierge lacks the knowledge or information sufficient to form a belief as to the allegations regarding Onyx's precautions, and therefore denies the allegations of paragraph 75.

76. One Concierge denies the allegations of paragraph 76.

77. One Concierge denies the allegations of paragraph 77.

78. One Concierge denies the allegations of paragraph 78.

79. One Concierge denies the allegations of paragraph 79.

80. One Concierge denies the allegations of paragraph 80.

81. One Concierge denies the allegations of paragraph 81.

82. One Concierge denies the allegations of paragraph 82.

83. One Concierge denies the allegations of paragraph 83.

## PRAYER FOR RELIEF

With respect to Onyx's Prayer for Relief, paragraphs 1-7, One Concierge denies that Onyx is entitled to any relief whatsoever in this action, either as prayed for in the Second Amended Complaint or otherwise.

## ONE CONCIERGE'S AFFIRMATIVE DEFENSES

One Concierge alleges and asserts the following defenses in response to the allegations of the Second Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. One Concierge incorporates by reference each and every defense heretofore asserted in this action and reserve the right to assert additional defenses as they become apparent during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Onyx lacks standing to bring the contractual or quasi-contractual claims against One Concierge because there is no contract or agreement between the parties, nor is Onyx a third-party beneficiary of any agreement to which One Concierge is a party.

## FOURTH AFFIRMATIVE DEFENSE

Onyx lacks standing to bring the claims against One Concierge because, on information and belief, Onyx no longer exists and/or has transferred all of its claims and rights, if any, to Beyond Wealth PTE, LLC.

## FIFTH AFFIRMATIVE DEFENSE

Any damages that Onyx may claim are subject to an offset for monies it owes to AU Card, Ltd pursuant to the contract between those entities.

## SIXTH AFFIRMATIVE DEFENSE

Onyx's claims against One Concierge are barred, in whole or in part, because Onyx has not suffered any harm as a result of One Concierge's alleged actions.

## SEVENTH AFFIRMATIVE DEFENSE

Onyx's claims against One Concierge are barred or limited, in whole or in part, under the legal doctrine precluding double recovery because Onyx has brought a separate suit asserting the same conduct with respect to its alleged trade secrets, but attributing said alleged conduct to different entities. Onyx is attempting to recover duplicative damages in the two lawsuits.

## EIGHTH AFFIRMATIVE DEFENSE

Onyx's claims against One Concierge are barred in this jurisdiction, in whole or in part, because they are governed by an exclusive forum jurisdiction provision in Onyx's contract with AU Card, Ltd. Onyx agreed to bring all such claims in the United Kingdom, not Utah.

## **PRAYER FOR RELIEF**

One Concierge seeks the following relief:

  A. Dismissal with prejudice of Onyx's Second Amended Complaint in its entirety;

  B. Denial of all remedies and relief sought by Onyx in its Second Amended Complaint;

  C. Payment of One Concierge's attorneys' fees and costs incurred in responding to this litigation, to the extent allowed under any applicable law or contract;

  D. Declaration that First Data should release the Funds to One Concierge for payment to AU Card, LLC; and

  E. Awarding One Concierge such other and further relief as the Court deems just and proper.

### CROSS-CLAIM COMPLAINT AGAINST FIRST DATA AND THIRD-PARTY COMPLAINT AGAINST BANK OF AMERICA MERCHANT SERVICES, LLC

Pursuant to Rules 8 and 14 of the Utah Rules of Civil Procedure, Defendant One Concierge hereby asserts a cross-claim against defendant First Data and a third-party complaint against Bank of America Merchant Services, LLC, and in support thereof alleges as follows:

### PARTIES, JURISDICTION, & VENUE

1. One Concierge is a Florida limited liability corporation, with an office and principal place of business in Lehi, Utah.

2. On information and belief, First Data is a Florida limited liability corporation, with its principal place of business in Atlanta, Georgia.

3. On information and belief, First Data was a service provider to Bank of America Merchant Services, LLC ("BAMS"), a Delaware company located in Marietta, Georgia.  [Dkt. 32 at 1, 5].

4. BAMS contracted to provide merchant processing services for One Concierge [*see* BAMS Contract, attached hereto as Exhibit 2], and currently holds the Funds disputed in this matter.  [*See* Dkt. 32 at 1-2].

5. The Court has jurisdiction over these claims pursuant to 28 U.S. Code section 1367, given that these claims concern the same Funds that Onyx seeks to have disbursed as part of its case in chief.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

### GENERAL ALLEGATIONS

7. First Data has admitted that neither it, nor BAMS, has an interest in the Funds that Onyx seeks to collect.  [Dkt. 32 at 2 ("BAMS and First Data have no ongoing interest in the funds BAMS is holding pursuant to its contract with One Concierge….")].

8. On information and belief, neither BAMS nor First Data ever had any contract or agreement with Onyx. [*Id.* at 10 ("First Data and BAMS have no contract or other relationship with Onyx")]. In fact, First Data has admitted that BAMS is currently holding the Funds "pursuant to its contract with One Concierge," not any agreement with Onyx. [*Id.* at 8].

9. Moreover, "[p]rior to this lawsuit, BAMS and First Data were unaware that any transactions or funds related to Onyx products or services were processed through One Concierge's merchant account with BAMS." [*Id.* at 6].

10. In short, BAMS and First Data lack any contractual obligations towards Onyx. Ownership of the Funds in question is governed by the contract between BAMS and One Concierge, ███████████████████████████████████████████. [*See* Exhibit 2].

11. ███████████████████████████████████████████

12. Upon receipt of funds from BAMS, One Concierge is obligated to transfer the funds to AU Card, LLC.

13. One Concierge's contract with AU Card, LLC ███████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

16

14. Further, One Concierge's contract with AU Card, LLC ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The details, and even existence, of these contracts between the parties are completely omitted from Onyx's account of alleged duties and obligations.

15. Because of Onyx's claims, First Data and BAMS have refused to distribute the Funds as required by the contract with One Concierge.

16. First Data and BAMS' refusal to turn over the Funds to One Concierge has resulted in One Concierge defaulting on its obligations to AU Card, LLC.

17. One Concierge is currently liable to AU Card, LLC for the full amount of the Funds improperly retained by First Data and BAMS – approximately $1.1 million.

## CLAIM I

### (Breach of Contract – vs BAMS)

18. One Concierge incorporates by reference each allegation in the preceding paragraphs as if set forth fully herein.

19. BAMS has a contractual obligation to release funds to One Concierge after "withhold[ing] funds based on its assessment of ongoing risks related to potential chargebacks and other potential liabilities."  [*See* Dkt. 32 at 7].

20. One Concierge has fulfilled all of its contractual obligations towards BAMS.

21. BAMS has improperly refused to release the Funds to One Concierge, thus breaching the contract with One Concierge.

22. BAMS' refusal to turn over the Funds to One Concierge has damaged One Concierge by depriving it of substantial funds, exposing it to liability to other entities (i.e., AU Card, LLC), and harming its reputation.

23. The full extent of the damage to One Concierge resulting from BAMS' conduct will be proven at trial.

## CLAIM II

### (Conversion – vs BAMS and First Data)

24. One Concierge incorporates by reference each allegation in the preceding paragraphs as if set forth fully herein.

25. One Concierge deposited funds with BAMS and First Data (collectively, "Defendants") as part of their merchant processing services.

26. BAMS and First Data acknowledge that they have no ongoing interest in the funds One Concierge deposited with them.

27. Nevertheless, BAMS and First Data have refused to make any payments to One Concierge since this litigation began.

28. The refusal to transfer the Funds to One Concierge, and the ongoing retention of those Funds, constitutes a willful interference with One Concierge's property, without lawful justification.

29. The litigation brought by Onyx does not justify or excuse Defendants' refusal to make payment to One Concierge.

30. One Concierge has been deprived of the use and immediate possession of the Funds by Defendants' conduct.

31. Defendants' conduct in retaining the Funds, without a legitimate justification, demonstrates a conscious disregard for One Concierge's rights. One Concierge is entitled to punitive damages in an amount to be proven at trial.

## CLAIM III

### (Unjust Enrichment – vs. BAMS and First Data)

32. One Concierge incorporates by reference each allegation in the preceding paragraphs as if set forth fully herein.

33. One Concierge deposited funds with Defendants as part of their merchant processing services, thereby conferring a benefit on them that continues to this day.

34. Defendants are well aware that One Concierge has provided the Funds in question, and have deliberately retained the Funds for many months, despite their admitted lack of any claim to ownership of the Funds.

35. Defendants' retention of the Funds has damaged One Concierge, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, One Concierge prays for judgment of the Court on its Claims as follows:

1. That BAMS be required to release the Funds to One Concierge immediately;

2. That First Data and BAMS be required to pay damages for the harm that their conduct has done to One Concierge and its business relationships;

3. That First Data and BAMS shall be required to pay punitive and/or exemplary damages;

4. Payment of One Concierge's attorneys' fees and costs incurred in responding to this litigation, to the extent allowed under any applicable law or contract;

5. That First Data and BAMS shall be precluded from paying any portion of the Funds to Onyx or any entity other than One Concierge; and

6. For any such other relief as may be appropriate.

Dated this 10th day of September, 2020.

                      Respectfully submitted,

                      JAMES DODGE RUSSELL & STEPHENS, P.C.

                      */s/ Lara A. Swensen*
                      Mark F. James
                      Lara A. Swensen
                      Mitchell A. Stephens

                      *Attorneys for One Concierge, LLC*